UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-79-JAW |
| | ) | |
| WILLIAM MEIER | ) | |

**ORDER ON MOTION FOR VICTIM DESIGNATION AND ORDER OF
DEFINED MONETARY ASSISTANCE PAYMENT PURSUANT TO 18 U.S.C.
§ 2259**

On October 22, 2020, a federal grand jury indicted William Meier for
possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). *Indictment*
(ECF No. 1). On March 1, 2021, Mr. Meier pleaded guilty to the charge. *Min. Entry*
(ECF No. 41). On January 31, 2022, the Court sentenced Mr. Meier to 135 months of
incarceration, ten years of supervised release, no fine, a $100 special assessment, and
restitution to twenty-seven victims in the total amount of $86,660 in individual
amounts ranging from $3,000 to $5,000. *J.* at 6-8 (ECF No. 81).

On November 21, 2025, the Government moved under seal and ex parte for an
order for Defined Monetary Assistance under 18 U.S.C. § 2259(d)(1)(A) on behalf of
one of the victims of Mr. Meier's crime. *Mot. for Victim Designation and Order of
Defined Monetary Assistance Payment Pursuant to 18 U.S.C. § 2259* (ECF No. 84)
(*Gov't Mot.*). Upon receipt of the Government's motion, the Court asked the
Government to justify the ex parte filing of the motion. *Sealed Order* (ECF No. 85).
On December 8, 2025, the Government responded. *Gov't Resp. to Ct. Inquiry
Regarding* Ex Parte *Filing of ECF No. 84* (ECF No. 86) (*Gov't Resp.*).

The Government correctly lists the three criteria for a victim to be eligible for an award of Defined Monetary Assistance. *Gov't's Mot.* at 3. First the claimant must appear in child pornography that has been trafficked as that term is defined in 18 U.S.C. § 2259(c)(3); second, at least one defendant must have been convicted in a federal court of conduct, such as possession of child pornography, involving a visual depiction of the claimant; and, third, the claimant must appear in a visual depiction that shows "sexually explicit conduct" as that term is defined in 18 U.S.C. § 2256(2)(A) and must have been under the age of eighteen when the visual depiction was created. *Id.* The Court readily concludes, based on the contents of the Presentence Investigative Report in this case, which Mr. Meier admitted the accuracy of at his sentencing hearing, the docket entries in this case, and the Government's representations, which the Court accepts, that all three criteria have been met and that an award from the Defined Monetary Assistance Victims Reserve is appropriate. *See Presentence Investigation Report* ¶ 5 (ECF No. 50) (*PSR*).

Here, the Court earlier issued an order on this victim's Defined Monetary Assistance claim. On January 28, 2022, the Government moved for a Defined Monetary Assistance order for the same victim in this case, who is now proceeding with this motion, *Gov't's Mot. for Order Concerning Victim Eligibility for Defined Monetary Assistance* (ECF No. 73), and on January 30, 2022, the Court issued a Defined Monetary Assistance order confirming the victim's eligibility for a Defined Monetary Assistance award. *Order Concerning Victim Eligibility for Defined Monetary Assistance* (ECF No. 75) (*Eligibility Order*). As the Government has

pointed out, when the Court issued its earlier order, although the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), Public Law 115-299, had amended the Victim of Crimes Act of 1984 to allow for Defined Monetary Assistance, the regulations authorized by the AVAA had not yet been promulgated. Regulations have now been promulgated and are set forth in 28 C.F.R. §§ 81.51-81.59.

Consistent with 18 U.S.C. § 2259(d)(1)(B), the regulations describe the determination that a federal court is required to make in order to approve a Defined Monetary Assistance claim:

> A Federal court will make the determination, under 18 U.S.C. [§] 2259(d)(1)(B), as to whether a claimant is entitled to defined monetary assistance from the Reserve and, if so, shall order payment in the amount specified in 18 U.S.C. [§] 2259(d)(1)(D). This amount is $35,000 as adjusted for inflation from December 7, 2018, based on the date of the court's order, in accordance with 18 U.S.C. [§] 2259(d)(1)(D).

28 C.F.R. § 81.53(b). Here, the Government previously established that the victim who is making the current claim is entitled to defined monetary assistance. *Gov't's Mot. for Order Concerning Victim Eligibility for Defined Monetary Assistance*; *Eligibility Order* at 1. Furthermore, the Government has been careful to establish that the victim here has not been subject to an order of restitution in this case, so the prohibition in the statute, 18 U.S.C. § 2259(d)(3), and regulation, 28 C.F.R. § 81.53(d)(3), against a Defined Monetary Assistance award to victims who have received more than $35,000 in restitution does not apply here.

The Court notes the following. First, the Government has represented that the victim has not received a restitution award from Mr. Meier, and the Court accepts that representation. Even though the statutory language is broader than just the

immediate defendant and imposes a limitation on recovery from the Defined Monetary Assistance Victims Reserve when a "victim . . . has collected payment of restitution <u>pursuant to this section</u>," 18 U.S.C. § 2259(d)(2)(3) (emphasis supplied), the Court is satisfied that the victim has not received restitution from other perpetrators pursuant to this section. *See PSR* ¶ 5.

Second, although the Government maintains that this entire process should be sealed, the Court remains unconvinced. The AVAA expressly contemplates that the Court must issue a court order authorizing the distribution of Child Pornography Victims Reserve, also known as the Defined Monetary Assistance Victims Reserve, to an eligible victim. 18 U.S.C. § 2259(d)(1)(C). The victim has undoubted and properly protective rights of privacy. *See* 18 U.S.C. § 3509(d), § 3664(d)(4), § 3771(a)(8); 28 C.F.R. § 81.59. The public also has a right to be aware of the expenditure of monies held in trust by the federal government for the benefit of sex abuse victims. *See generally United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013); 18 U.S.C. § 2259B (describing the funding mechanism for the Defined Monetary Assistance Victims Reserve and the role of the Attorney General in administering the funds). Under 18 U.S.C. § 3509(d)(2), the statute makes it clear that papers filed in court involving minor victims must be sealed but only if they "disclose the name of or any other information concerning a child." The Court does not see how a generalized order, authorizing a distribution to an unnamed victim, from the Defined Monetary Assistance Victims Reserve, similar to the order already issued in this case, affects

4

the victim's privacy, and on balance, the public has a right of access to the fact of an award from the Defined Monetary Assistance Victims Reserve.[1]

Fourth, although the Government takes the position that the relief requested "has no impact on the defendant and affords him no right to respond" and that the entire matter may be issued ex parte, *Gov't's Resp.* at 1, the Court views the law as somewhat more nuanced. The Court accepts the Government's position that a defendant does not usually have a right to object to an award from the Defined Monetary Assistance Victims Reserve but not that the defendant has no right to know that such an award was issued in his case and potentially to move for an order reflecting the impact of the Defined Monetary Assistance award on his restitution obligations.

Indeed, there is a statutory interrelationship between the restitution a perpetrator owes and a Defined Monetary Assistance award. Under 18 U.S.C. § 2259(2)(C), if a victim obtains payment from the Defined Monetary Assistance Victims Reserve and subsequently seeks restitution from a perpetrator, a court "shall deduct the amount the victim received in defined monetary assistance when

---

[1] In fact, the Court does not know why this order and the Order of Defined Monetary Payment should not be unsealed. The Court has attempted to write the order in such a way that the identity of the victim is not revealed, and if the victim's identity is not revealed, the Court does not know why the order should not be publicly available to the extent it may provide future guidance, which if sealed will be unavailable. Similarly, the Order of Defined Monetary Payment does not reveal who the victim is. Furthermore, because the Court previously issued the Order Concerning Victim Eligibility in this case, Mr. Meier is aware that she was likely to seek a Defined Monetary Payment after sentencing.

The Court, therefore, orders the Government to respond with its position regarding unsealing within two weeks of the date of this order. At the same time, the Court acknowledges the Government may have a unique reason that this order and the order of Defined Monetary Assistance should be sealed that the Court is unaware of. Therefore, the Court also orders that this order and the order of Defined Monetary Assistance remain sealed pending further order of the Court.

determining the full amount of the victim's losses."[2]  *See United States v. Dickey*, No. 3:23-cr-59, 2024 U.S. Dist. LEXIS 134995, at *4 (M.D. Pa. July 31, 2024); *United States v. Hollman*, 1:18-cr-10037-JBM-JEH-1, 2019 U.S. Dist. LEXIS 19371, at *18-19 (C.D. Ill. Jan. 14, 2019) (discussing entitlement to an award from the Defined Monetary Assistance Victims Reserve Fund), *recommendation declined and remanded on other grounds*, 2019 U.S. Dist. LEXIS 16617 (C.D. Ill. Feb. 1, 2019). Tragically, victims are often the subject of multiple perpetrators who download the same images across the world and, as a result, victims may be the recipients of multiple restitution awards.

Because there is a potential relationship in a given case between restitution awards and a Defined Monetary Assistance award, the Court is dubious that the Government is correct when it contends that a defendant has no right to know about—as opposed to object to—a Defined Monetary Assistance award.  In the unusual case, where a victim received a Defined Monetary Assistance award of $35,000 and then sought restitution from a perpetrator, for example, a defendant would have to have the right to know of the award so that the net restitution amount could reflect the Defined Monetary Assistance award and thereby reduce the defendant's restitution obligation.  From the Court's perspective, this only means that the fact a court approved a Defined Monetary Assistance award in a particular case should appear on the docket, so that a defendant who is subject to a restitution award

---

[2]     Also, if a victim has received restitution from a perpetrator in an amount greater than $35,000 plus inflation, the victim is not eligible to receive a Defined Monetary Assistance award.  18 U.S.C. § 2259(d)(3).

can gain notice of it and act, if appropriate, to reduce his restitution obligation. The court's order need not infringe on the victim's right of anonymity or use of pseudonym.

Fifth, the AVAA provides that the $35,000 will be annually adjusted for inflation each calendar year after 2018. 18 U.S.C. § 2259(d)(1)(D)(ii). The Government has not provided the Court with the current amount, adjusted by the Consumer Price Index for all Urban Consumers, as of the date of this order. Accordingly, the Court has clarified in the order that the victim here is entitled to receive the current amount available to an individual claimant based on the current value, as increased by the Consumer Price Index, not the original $35,000.00 authorized in 2018 by Congress.

The Court therefore GRANTS the Government's Motion for Victim Designation and Order of Defined Monetary Assistance Payment Pursuant to 18 U.S.C. § 2259 (ECF No. 84) insofar as it approves the award and ORDERS the Department of Justice to make payment to the victim in DMVAR-2025-000353 in the amount of $35,000 as adjusted for inflation under 18 U.S.C. § 2259(d)(1)(D)(ii). The Court ORDERS that the Government's Motion for Victim Designation and Order of Defined Monetary Assistance Payment Pursuant to 18 U.S.C. § 2259 (ECF No. 84), the Court's Order (ECF No. 85), the Government's Response to Court Inquiry Regarding *Ex Parte* Filing of ECF No. 84 (ECF No. 86), this Order, and the contemporaneous Order of Defined Monetary Assistance Payment Pursuant to 18 U.S.C. § 2259 remain indefinitely sealed, subject to further court order. The Court GRANTS in part and preliminarily DENIES in part the Government's Motion for Victim Designation and

Order of Defined Monetary Assistance Payment Pursuant to 18 U.S.C. § 2259 (ECF No. 84) insofar as it requests that all proceedings be ex parte and that all docket entries be sealed. Instead, the Court will issue a brief order confirming its approval of the award but maintaining the anonymity of the victim. As the Court would like the Government's input into whether this order and the Order of Defined Monetary Assistance Payment Pursuant to 18 U.S.C. § 2259 should be unsealed as well, the Court ORDERS the Government to respond with its position on unsealing these orders within two weeks of the date of this order.

      SO ORDERED.

                /s/ John A. Woodcock, Jr.
                JOHN A. WOODCOCK, JR.
                UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2026